HEARD NOVEMBER TERM, 1879.

CASE No. 785.

THE STATE *v.* BELTON SAMPSON ET AL.

1. A mill-house, in which no one sleeps, distant seventy-five yards from its owner's dwelling-house, but separated by a public highway therefrom, and not proved to be appurtenant, is not the subject of burglary at common law.

2. In the absence of evidence showing the character and relation of such a mill-house, it cannot be deemed a parcel of the dwelling-house, or of its appurtenances, under the terms of Chapter CXXIX., § 32, of the general statutes.

---

Before ALDRICH, J., Abbeville, June, 1879.

Indictment against Belton Sampson and Ben Seawright for burglary.    The facts are all stated in the opinion of the court.

*Mr. E. G. Graydon,* for appellants, cited 1 *Bouv. L. Dict., tit. "Appurtenance;"* 1 *Bl. Com.* 88 ; and *State* v. *Ginns,* 1 *N. & McC.* 583.    As to the fine, *Gen. Stat., ch. CXXIX.,* § 7.

*Mr. Solicitor Cothran, contra,* contended that *State* v. *Ginns* was decided by a divided court, and had never been acceptable to the profession. As to the fine not invalidating the sentence, he cited 1 *Archb. Cr. Pr. & Pl.* 676–7, but admitted that there could be no fine.

January 7th, 1880. The opinion of the court was delivered by

McIVER, A. J. This was an indictment for burglary in breaking and entering, in the night-time, into a mill-house and stealing therefrom flour and corn. The mill-house was situated about seventy-five yards from the dwelling-house of the prosecutor, on the opposite side of a public road, and was not inclosed. No one slept in it. The Circuit judge charged the jury "that the mill was the subject of burglary, and instructed them that if they believed that the defendants broke into it in the night-time and carried away the flour and corn, as alleged in the indictment, they must find them guilty." To this charge and instruction exception was duly taken, upon the ground that the mill-house was not the subject of burglary. The defendants having been found guilty, were sentenced "to be imprisoned at hard labor in the state penitentiary for three years, and to pay a fine of one dollar." Exception was also taken to so much of the sentence as imposed a fine.

At common law, the offence of burglary consisted in breaking and entering the dwelling-house of another with intent to commit a felony therein; and the term "dwelling-house" was held to include all outhouses contiguous to the dwelling and parcel thereof, if within the curtilage. 4 *Bl. Com.* 224; 2 *Russ. on Crimes* 14; 2 *Bish. on Crim. L.,* § 104. These authorities show that to bring an outhouse within the curtilage of a dwelling-house, it must be parcel of or appurtenant thereto, and be connected therewith by being under the same roof or within the same inclosure. For, as is said by Blackstone, "if the barn, stable or warehouse be *parcel* of the mansion-house and *within the same common fence,* though not under the same roof or contiguous, a burglary may be committed therein, for the capital house protects and privileges all its branches or appurtenants, if within the curtilage or homestall." So, in Russell, it is said "any out-

house within the curtilage or *same common fence* as the mansion itself, was considered to be parcel of the mansion." And in Bishop's work : " The term ' dwelling-house ' also includes the entire cluster of buildings *not separated by a public way*, which are used for purposes connected with the habitation." And in 1 *Bouv. L. Dict.* 391, the term " curtilage " is defined to be the open space situated *within a common enclosure*, belonging to a dwelling-house." It is very manifest, therefore, that this conviction could not be sustained át common law, for the mill-house was not within the common enclosure of the dwelling-house, but was separated therefrom by a public highway, and there is no evidence that it was parcel of or appurtenant to the dwelling-house. For all that appears in the case submitted here, it might have been as distinct from and independent of the dwelling-house as if it had belonged to another person. Indeed the case, as originally submitted, did not even show that the mill-house belonged to the owner of the dwelling-house, though, on the argument here, it was agreed that the case should be amended by inserting that fact. But that fact alone is not sufficient to bring the mill-house within the class of houses which were the subjects of burglary at common law.

The next question is, whether the mill-house in question can be brought within the class of houses which, by the act of 1866, (*Gen. Stat., ch. CXXIX.,* § 32,) have been declared to be subjects of burglary. The language of that statute is as follows : " With respect to the crimes of burglary and arson, and to all criminal offences which are constituted or aggravated by being committed in a dwelling-house, any house, outhouse, apartment, building, erection, shed or box in which there sleeps a proprietor, tenant, watchman, clerk, laborer, or person who lodges there, with a view to the protection of property, shall be deemed a dwelling-house ; and of such a dwelling-house, or of any other dwelling-house, all houses, outhouses, buildings, sheds and erections, which are within two hundred yards of it, and are appurtenant to it, or to the same establishment of which it is an appurtenance, shall be deemed parcels."

Now, in order to bring this mill-house within the terms of this statute, it is not sufficient to show that it is situated within

two hundred yards of the dwelling-house, but it must also appear that it is an appurtenance of the dwelling-house, or of the establishment of which the dwelling-house is itself an appurtenance. Of this there is no evidence whatever. It does not appear that the dwelling-house of the prosecutor was the appurtenance of a farm or plantation of which the mill was a part and parcel, nor does it appear what the character of the mill was, whether a merchant-mill or an ordinary mill attached to and forming a parcel of a farm or plantation.

The question raised by the second exception cannot arise under this view of the case, inasmuch as the judgment below must be set aside, and, of course, the sentence based upon such judgment must go with it.

The judgment of the Circuit Court is set aside and a new trial ordered.

New trial granted.

WILLARD, C. J., concurred.