## STATE v. CLARY.

1. In charging the jury, the judge is not compelled to define a criminal offence in the very words of elementary writers. Burglary was properly defined in this case to be the breaking into a dwelling-house in the night time with a *view* to commit a felony ; especially so, as other parts of the charge showed that the word *view* was used as synonymous with the word *intent*.

2. Petit larceny is not made a misdemeanor by our statute (*Gen. Stat.*, § 2498) unless it be also a simple larceny. Breaking into a dwelling-house and stealing therefrom an article of less value than $20, is compound larceny, and therefore a felony as at common law ; and breaking in at night with intent to steal such article is burglary.

3. On a trial for burglary, defendant cannot prove that one W., on the night of the crime, had applied to the witness to borrow money, promising to return it in corn—which was the article stolen by the burglar—such testimony being hearsay.

Before FRASER, J., Aiken, April, 1885.

The opinion states the case.

*Messrs. Devore & Woodward*, for appellant.

*Mr. James Aldrich*, acting solicitor, contra.

January 5, 1886.   The opinion of the court was delivered by

MR. JUSTICE MCIVER.   As well as we can gather from the extremely meagre statement of facts contained in the "Case" as prepared for argument here, we understand that the defendant was convicted of burglary, under the statute, in breaking and entering a corn-house, within two hundred yards of the dwelling-house, in the night time, and stealing therefrom a small quantity of corn, of the value of less than twenty dollars.   On the trial, appellant offered to prove certain declarations made by one Jack Williams to two of the witnesses, for the purpose of raising the presumption that he, and not the defendant, was the guilty party. These declarations were to the effect that on the night the burglary was committed, said Jack Williams applied to these two witnesses to borrow some money and pay them in corn, and not to the effect that he was the guilty party.   The Circuit Judge, in his charge to the jury, instructed them that "burglary is the breaking into and entering a dwelling-house of another in the night time with a view to commit a felony."   He also said to the jury that "it has been contended in argument here that the defendant could not have intended to steal twenty bushels of corn, as he had made no arrangements for carrying out such a purpose. That is not necessary in a case like this.   Where the larceny is from the dwelling-house or the person, the old common law applies, and not the statute, as to what amount constitutes a felony."

The defendant appeals substantially upon three grounds.   1st. Because the Circuit Judge erred in defining burglary to be the breaking and entering a dwelling-house in the night time "with *a view*" to commit a felony, whereas he ought to have said "with *intent*" to commit a felony.   2nd.   Because he erred in saying to the jury in effect that it was immaterial whether the property stolen, or intended to be stolen, exceeded or was less in value than the sum of twenty dollars.   3rd.   Because of error in refusing to admit the declarations of Jack Williams.

As to the first ground of appeal, we have only to say that we know of no rule of law or reason which requires a Circuit Judge, in defining a criminal offence, to use the precise words employed by elementary writers in giving the definition of such criminal offence.   If he explains to the jury in plain language the ele-

ments necessary to constitute the offence charged, it is quite
sufficient; and this we think was done in this case.  To say that
a certain thing was done with *a view* to commit a felony, is the
same thing as to say that it was done with *intent* to commit a
felony.  In the connection in which the word "view" was used,
it is manifestly synonymous with the word "intent"; and we
cannot believe it possible that even the plainest mind could have
been misled by its use.  Indeed, in a subsequent part of the
charge the judge in effect declared that he used the word "view"
as synonymous with the word "intent," for he said: "If a man
breaks into a house at night with the *view or intention* of com-
mitting a felony, and if he is stopped the very moment he gets
in, or runs away before he puts his hand upon a single thing, he
would be guilty, if the criminal *intent* was there to commit a
felony."  It is quite clear, therefore, that the first ground of
appeal cannot be sustained.

The second ground seems to have been taken under a misap-
prehension of the distinction between simple and compound lar-
ceny.  Our statute does not make every petit larceny a misde-
meanor, but only simple larceny.  *Gen. Stat.*, § 2498.  Where,
therefore, the larceny in question is aggravated by some special
circumstance which renders it compound, the provisions of the
statute do not apply, and the offence remains, as at common law,
a felony, and is not reduced to the grade of a misdemeanor.
Hence, where a person breaks and enters a dwelling-house in the
night time with the intent only to steal a particular article of a
less value than twenty dollars, and actually steals such article,
his intent is to commit not merely a simple but a compound lar-
ceny, and it is, therefore, entirely correct to say that his intent
is to commit a felony and not merely a misdemeanor.

The only remaining inquiry is as to the competency of the
declarations of Jack Williams.  He was clearly a competent wit-
ness, and we do not see how it was possible to admit his declara-
tions without violating the rule as to hearsay testimony.  The
fact that Williams was in the neighborhood of the place where
the burglary was committed about the time it was committed was
allowed to be proved, but his declarations were no more compe-
tent than those of any other third person.  See the case of *State* v.

*Terrell* (12 *Rich.*, 321), where, in a much stronger case than this, the declarations of a third person were held inadmissible.

The judgment of this court is that the judgment of the Circuit Court be affirmed.