### OLDS v. STATE. (8 Div. 8.)

(Court of Appeals of Alabama. April 3, 1923.)

**Burglary ⬦⟿6—Occupancy of dwelling not material.**

In a prosecution for burglary of a dwelling house, where the evidence showed that the owner of the house and his family were absent, the owner being temporarily in jail, the court properly instructed the jury that, though the owner may have been temporarily absent and the house closed, it was still his dwelling if he left it with the purpose of returning and continuing to use it, neither the occupany of the house nor the duration of the occupant's absence being material, if there was intention to return.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Gilmore Olds was convicted of burglary, and he appeals. Affirmed.

Wert & Hutson, of Decatur, for appellant. No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State. No brief reached the Reporter.

SAMFORD, J. The defendant was indicted for having broken into and entered the dwelling house of M. T. Thomas. The evi-

dence was that at the time of the burglary the family were absent, and Thomas was temporarily in jail. He testified that the house burglarized was his house, and that he intended to and did return to it as soon as this enforced absence would permit. The court charged the jury as a part of his oral charge:

"If that was his [Thomas'] place of abode, although he may have been temporarily absent and the house was closed, if that was his house, his dwelling, and if he left there with the purpose of returning to it and continuing to use it as his dwelling, then it was still his dwelling house."

This was a correct statement of the law, and was nót error. It is not necessary that Thomas should have remained in the house or to have been there at the time of the burglary, nor was the duration of his absence material, provided it was his intention to return. It is the animo revertendi that fixes the status and determines whether the house was a dwelling or not. 4 R. C. L. p. 426, par. 17.

The other exceptions are without merit.

We find no error in the record, and the judgment is affirmed.

Affirmed.