## 21006

The STATE, Respondent, v. Milton FEREBEE, Appellant.

(257 S. E. (2d) 154)

*John H. Douglas,* Charleston, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Kay G. Crowe,* Columbia, *Sol. Capers G. Barr, III* and *Asst. Sol. Linda Lombard,* Charleston, *for respondent.*

July 17, 1979.

RHODES, Justice:

The appellant, Milton Ferebee, was arrested for breaking and entering a vacant apartment in North Charleston and was subsequently convicted of burglary. On appeal, he complains that his conviction was contrary to law on the ground that the unoccupied apartment did not constitute a "dwelling house" as defined by the law of burglary. We agree and reverse.

The crime of burglary is the breaking and entering of a dwelling house of another in the night time with the view to commit a felony. *State v. Clamp,* 225 S. C. 89, 80 S. E. (2d) 918, 924 (1954). A "dwelling house", for the purpose of burglary, is defined in § 16-11-10, S. C. Code (1976) as:

. . . any house, outhouse, apartment, building, erection, shed or box in which there sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there with a view to the protection of property. . . .

At trial, appellant's motions for directed verdict and judgment n.o.v. based on the State's failure to prove a dwelling house were denied. The trial judge also refused to charge the jury the definition of dwelling house in § 16-11-10, quoted above, and prohibited appellant's counsel from reading that statutory section to the jury in his closing argument. Appellant charges that the trial court erred in these respects.

Resolution of this appeal is therefore governed by the pivotal question of whether the apartment was being used as a dwelling house at the time of the alleged offense. The evidence shows that the apartment in question was owned by a Charleston doctor and leased through a local real estate company. The building was a duplex containing two separate living units which had been utilized as rental property for the past three years. There is no dispute that the apartment

unit named in the indictment was vacant at the time of the alleged offense, having been abandoned the prior week by former tenants; however, the other unit of the duplex was occupied. The apartment in question was partially furnished and at the time of the break-in was for rent.

The defense presented no evidence. Appellant's counsel moved for a directed verdict on the ground that a vacant apartment pending rental was not a dwelling house under § 16-11-10 and consequently appellant could not be guilty of burglary. This motion was denied and the following definition of dwelling house was charged to the jury:

. . . a place lived in or regularly intended to be used as a dwelling place, and that the house is the house of another, that is, the person or persons named in the indictment are the owners thereof.

We conclude, however, that the situs of the alleged crime was not a dwelling house and that a directed verdict on the charge of burglary should have been granted.

In our view, § 16-11-10 requires that an apartment have an identifiable occupant sleeping or residing therein for it to qualify as a dwelling house. *See* 2 Wharton Criminal Law & Procedure § 423 (1957). While authorities agree that the temporary absence of occupants will not prevent a residence from becoming the subject of a burglary, it is required that such occupants leave with the purpose of returning in order for a breaking and entering during their absence to constitute burglary. Annot. 85 A.L.R. 428, 429 (1933). Thus, the mere fact that a building is suitable for use as a dwelling is insufficient, as illustrated by the following quotation:

. . . a house, although furnished as a dwelling house loses its character as such for the purpose of burglary, if the occupant leaves it without the intention to return.

*Smith v. State,* 80 Fla. 315, 85 So. 911 (1920) (quoting 6 Cyc. 185). *Accord, Olds v. State,* 19 Ala. App. 162, 95 So. 780 (1925).

The rationale for requiring that an identifiable occupant reside and sleep within the dwelling rests upon the development of burglary as an offense against habitation rather than against property. *State v. Clamp, supra. Arnold v. State,* 7 Md. App. 1, 252 A. (2d) 878, 879 (1969).

Under the facts of the present case, there was clearly no occupant or inhabitant against whom the offense could have been committed. The former tenant had permanently abandoned the premises without the intention of returning. Nor can we agree with the trial judge's rationale that the offense was committed against the owner of the apartment building. There is no evidence indicating that the owner ever occupied or intended to occupy or dwell in the apartment. Therefore, the State's sustaining arguments under *State v. Steadman,* 257 S. C. 528, 186 S. E. (2d) 712 (1972) are inapposite. In that case, we affirmed a conviction for burglary of a portion of a commercial building which was utilized as an office and apartment by the owner and at which he resided occasionally. Here, however, there was no regular or irregular occupancy of the apartment by any person during the period in question.

Reaching the conclusion that the vacant apartment allegedly entered by the appellant was not a dwelling house, we accordingly hold that appellant's conviction for burglary cannot be sustained. *Accord, Poff v. State,* 4 Md. App. 186, 241 A. (2d) 898 (1968).

In view of our above holding, the other contentions asserted by the appellant are not reached.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.