## 21580

The STATE, Respondent, v. Jackie BROOKS, Appellant.

(283 S. E. (2d) 830)

*Jesse McCall* and *Pat Paschal,* Greenville, and *Deputy Appellate Defender Vance J. Bettis, Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Kay G. Crowe* and *Lindy P. Funkhouser,* Columbia, and *Asst. Sol. Cecil H. Nelson,* Greenville, *for respondent.*

October 5, 1981.

LITTLEJOHN and NESS, Justices:

This is an appeal by appellant Brooks challenging his burglary conviction. He alleges and we agree that the State failed to prove an essential element of the crime charged in the burglary indictment. We reverse.

Brooks was also charged and convicted of criminal sexual conduct and larceny. He does not contest these convictions.

The burglary indictment is framed substantially in the language of the common law. The parties concede that the common law definition is the breaking and entering the dwelling house of another in the nighttime with the intent to commit a felony therein.

Based on this definition the State must present evidence to support each element of the crime charged in order to uphold the conviction.

Brooks argues there was no evidence of a breaking and we agree. There is no evidence stating that the windows or doors were closed or how the appellant gained entry into the dwelling house. While it is ludicrous to assume appellant was invited to enter the residence and commit this crime upon an unsuspecting victim, the law of this State requires some proof of a "breaking." *State v. Nicholson, et al.*, 221 S. C. 399, 404, 70 S. E. (2d) 632 (1952); *State v. Clamp,* 225 S. C. 89, 80 S. E. (2d) 918 (1954). The burglary conviction must be reversed on this basis.

Next Brooks alleges the indictment was insufficient on its face because it did not specify the *felony* which he intended to commit.

The common law requires as an ingredient of burglary "intent to commit a felony." Today the "felony" requisite serves no real purpose.

Burglary is a crime against possession, not against property. *State v. Clamp, supra.* The law of burglary is primarily designed to secure the sanctity of one's home, especially at nighttime when peace, solitude and safety are most desired and expected.

"The common-law conception of burglary was that it was primarily an offense against the security of the habitation. It was stated at an early date that a man's house is his castle and its security must not be lightly invaded. To preserve this security and this sanctity the law created safeguards and imposed severe penalties on their infringement." 13 Am. Jur. (2d), Burglary, § 2.

Thus, at the heart of burglary law is protection of the individual and family from unlawful intrusion while home at night.

The difference between a felony and a misdemeanor for most purposes has no significance. Some felonies provide less punishment than do some misdemeanors. In some states the two are not clearly defined.

Burglary calls for harsh punishment because it involves an intrusion in the nighttime of a place where people sleep. It is no less obnoxious that one wrongfully break and enter a sleeping place with intent to steal a $195 watch which is petit larceny, a misdemeanor, than with intent to steal a $205 watch which is grand larceny, a felony.[1]

Based on these principles and this Court's authority to modify the common law in certain circumstances,[2] we no longer require as an ingredient of burglary, "intent to commit a felony."

Any indictment hereafter which charges one with breaking and entering the dwelling of another in the nighttime with intent to commit any crime, a felony or a misdemeanor, is sufficient.

No further exceptions need be considered since the conviction has been reversed for lack of evidence.

Reversed.

GREGORY and HARWELL, JJ., concur.

LEWIS, C. J., dissents.

LEWIS, Chief Justice (dissenting):

---

[1] Act No. 76 of the General Assembly, approved May 21, 1981, amended Section 16-13-30 of the 1976 Code. Now, any simple larceny of goods of the value of less than two hundred dollars (formerly fifty dollars) is a misdemeanor and considered petit larceny.

[2] See 15A Am. Jur. 2d, Common Law, § 16; *State v. Clamp*, supra; *State v. Sampson, et al.*, 12 S. C. 567 (1879).

Appellant was charged in separate indictments with burglary, criminal sexual conduct in the first degree, and larceny. The indictments were joined for trial and appellant was convicted on all charges, receiving a sentence of life imprisonment for burglary, thirty (30) years for criminal sexual conduct, and ten (10) years for larceny, the first two sentences to run consecutively and the latter concurrently. He has appealed, challenging only his conviction for burglary. Under my view of the exceptions, we need only consider whether it was error for the lower court to refuse appellant's pretrial motion to quash the indictment for burglary.

The indictment charging appellant with burglary alleges that he did, "in the nighttime, break and enter the dwelling house of another, . . . with intent to commit a felony therein." He contends that the indictment is fatally defective for failure to specify the felony which he intended to commit. I agree.

This Court has had no previous occasion to determine the sufficiency of indictments under our code provision dealing with the crime of burglary. Section 16-11-310, Code of Laws of South Carolina (1976), speaks of "the crime of burglary at common law." We have held that this language means the offense of breaking and entering the dwelling house of another in the nighttime with the intent to commit a felony therein. *State v. Clamp*, 225 S. C. 89, 101, 80 S. E. (2d) 918; *State v. Clary*, 24 S. C. 116, 117-118.

With regard to indictments this Court has also required that the offense be stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and an acquittal or conviction may be pleaded in bar to any subsequent prosecution. *State v. Solomon*, 245 S. C. 550, 561, 141 S. E. (2d) 818. Clearly an indictment that fails to specify the felony which the accused intended to commit must also fail our test of sufficiency and should be quashed. This rule is in accord with the practice of other jurisdictions in which the common law definition of burglary applies. 12A C. J. S. Burglary, Section 54.

I would hold that the indictment which charged the appellant with burglary was fatally defective for failure to specify

the felony which he intended to commit, and would remand with instructions to quash the indictment for burglary.