22932

The STATE, Respondent v. Darlene Brown GLENN, Appellant.

(374 S. E. (2d) 671)

Supreme Court

*Deputy Chief Atty. Elizabeth C. Fullwood, of S. C. Office of Appellate Defense, Columbia, for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., and Amie L. Clifford, Columbia and Sol. W. Townes Jones, IV, Greenwood, for respondent.*

Heard Oct. 3, 1988.

Decided Dec. 5, 1988.

TOAL, Justice:

Appellant Darlene Glenn was convicted by a jury of second degree arson, and sentenced to ten years imprisonment. We affirm her conviction and sentence.

The sequence of events prior to the burning of the mobile home are important to the central issue on this appeal which is whether the mobile home was a "dwelling house" as defined by the arson statute. In March 1985, Mrs. Glenn and her husband purchased a mobile home from Conner Homes. Approximately one year later, on July 8, 1986, Mr. Glenn died after a prolonged illness. On July 9, Mrs. Glenn held a wake in the mobile home for her husband. Mr. Glenn was buried on July 10.

The day after the funeral, July 11, Mrs. Glenn discussed her husband's estate with the probate judge. Because the debts of the estate exceeded the assets, the judge advised Mrs. Glenn to sell most of the estate's property, except the mobile home in which the Glenns only had a small amount of equity. The judge told Mrs. Glenn that she should surrender the mobile home to Conner or it would be re-

possessed. After returning from the probate judge's office, Mrs. Glenn told one of her sisters-in-law that the mobile home would be repossessed, but before it could be repossessed, "it would go up in smoke." Another one of Mr. Glenn's sisters testified that prior to Mr. Glenn's death, Mrs. Glenn stated that she would burn the mobile home down if anyone tried to take it from her. Additionally, five other witnesses testified that Mrs. Glenn threatened to burn down the mobile home to prevent Conner Homes from repossessing it. Even Mrs. Glenn admitted that she would rather see the trailer burn than lose it as a home.

On July 14, 1986, Mrs. Glenn stopped by the mobile home to retrieve a Bible. While she was inside, a man from the Veteran's Administration arrived to collect equipment which had been loaned to Mr. Glenn during his illness. After gathering the equipment from the home, the representative from the Veteran's Administration and Mrs. Glenn left and went to her mother's house to pick up other items which belonged to the Veteran's Administration.

While enroute to her mother's house, Mrs. Glenn drove past her mother-in-law, who was driving in the opposite direction toward the Glenn's mobile home. After driving for a couple more minutes, the mother-in-law arrived at the Glenn's mobile home and immediately noticed it was on fire. The mother-in-law promptly called the Fire Department, who responded and extinguished the fire.

An investigation revealed that the fire had been started in the back bedroom and had been intentionally set.

Mrs. Glenn was convicted of second degree arson for starting the fire in her mobile home.

The dispositive issue in this case is whether the trial court erred by not directing a verdict on the second degree arson charge because at the time of the fire the mobile home was not a "dwelling house" as defined in S. C. Code Ann. § 16-11-110 (Law Co-op 1976).

Section 16-11-110(B) provides in pertinent part that:

> "Any person who (a) wilfully and maliciously causes an explosion, sets fire to, or burns, or causes to be burned or (b) aids, counsels or procures the burning of any dwelling house ... shall be deemed guilty of arson in the second degree."

"Dwelling house" as used in the arson and burglary statutes is defined as a place "in which there sleeps a ... person who lodges there with a view to the protection of property." S. C. Code Ann. § 16-11-10 (Law Co-op 1976).

This court interpreted the term "dwelling house" in *State v. Ferebee*, 273 S. C. 403, 257 S. E. (2d) 154 (1979). There, the tenants vacated the apartment unit one week before it was burglarized. Because no one lived in the house, the defendant argued that the judge should have directed a verdict on the burglary count. This court agreed and held that the test of whether a building is a dwelling house turns on whether the occupant has left with the intention to return. 257 S. E. (2d) at 155. Because the tenants vacated the apartment with no intention of returning, we found that the apartment was not a dwelling house, and, therefore, not capable of being burglarized.

When reviewing a defendant's request for a directed verdict motion in a criminal case, we must view the evidence in the light most favorable to the State. *State v. Kimbrell*, 294 S. C. 51, 362 S. E. (2d) 630 (1987). Mrs. Glenn testified that at the time of the fire, she had $10,000 worth of personal possessions in the mobile home. She also stated that she had returned to the mobile home many times after her husband's death to gather more possessions. Even on the day of the fire, Mrs. Glenn stopped by the home once again to retrieve her Bible. We find that ample evidence existed that Mrs. Glenn did not vacate her mobile home but left with the intention of returning. Therefore, we hold that the trial judge did not err in failing to direct a verdict of not guilty to second degree arson; the issue was properly submitted to the jury.

Mrs. Glenn's remaining exceptions are without merit and are dismissed pursuant to Supreme Court Rule 23. Accordingly, the judgment of the Circuit Court is

Affirmed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.