894 F.2d 401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jackie BROOKS, Petitioner-Appellant,
v.
William D. LEEKE; Attorney General of South Carolina,
Respondents-Appellees.
 No. 89-7611.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 22, 1989.
Decided: Jan. 16, 1990.
Rehearing Denied March 7, 1990.
 
 Jackie Brooks, appellant pro se.
 Donald John Zelenka, Chief Deputy Attorney General, for appellees.
 Before K.K. HALL, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jackie Brooks, a South Carolina prisoner, filed a 28 U.S.C. Sec. 2254 petition claiming that (1) his conviction for first degree criminal sexual conduct, S.C.Code Ann. Sec. 16-3-652,[1] should be reversed because the jury may have relied on a charge of burglary, which was later found by the South Carolina Supreme Court to be legally insufficient (the due process claim),[2] and (2) his trial and appellate attorneys were ineffective for failing to preserve this issue for appellate review. The district court found that Brooks procedurally defaulted the due process claim because his appellate attorney failed to raise the issue on appeal and that he received effective assistance of counsel. We deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 Initially, it is not clear that the South Carolina Supreme Court made a finding of procedural default in its original opinion on Brooks' appeal. In that opinion, the court merely observed that Brooks "does not contest [his criminal sexual conduct and larceny] convictions." State v. Brooks, 277 S.C. 111, 112, 283 S.E.2d 830, 830 (1981). The district court's view that this is a finding that Brooks failed to raise his challenge to the criminal sexual conduct in a separate exception, as required, is supported. See Rules of Practice in the South Carolina Supreme Court, Rule 4, Section 6. However, the later opinion of the South Carolina Supreme Court denying Brooks' motion for rehearing arguably obfuscates the holding in the original opinion. In his motion for rehearing Brooks raised only one argument--that he had, in fact, raised a challenge to the criminal sexual conduct conviction.[3] The court denied the motion for rehearing without opinion, one justice dissenting. Without deciding whether the unusual posture of the proceedings in this case invokes the holding in Harris v. Reed, 57 U.S.L.W. 4224 (U.S. Feb. 22, 1989) (No. 87-5677), we reject Brooks' argument as meritless.[4] Therefore, Brooks is entitled to review on the merits of his due process claim.
 
 
 3
 Brooks' substantive argument hinges on the rule announced in Stromberg v. California, 283 U.S. 359 (1931). In Stromberg the Court held that a conviction based on a general jury verdict regarding three alternative theories of guilt cannot stand where one of the possible theories was unconstitutionally vague. Id. at 369-70. The basis of this decision was that "it is impossible to say under which clause of the statute the conviction was obtained." Id. at 368. The Stromberg rule is viable today--if there is a general jury verdict, one invalid ground upon which the conviction may rest,[5] and the appellate court is "uncertain" upon which ground the jury relied, the conviction must be reversed. See Mills v. Maryland, 486 U.S. 367 (1988); Zant v. Stephens, 462 U.S. 862, 881 (1983); Yates v. United States, 354 U.S. 298, 311-12 (1957). Thus, Stromberg effectively mandates a rule of lenity in this respect--any doubt is resolved in favor of the criminal defendant. Ingber v. Enzor, 841 F.2d 450, 456 (2d Cir.1988).
 
 
 4
 To implement the Stromberg rule, this Court will affirm a conviction in this context only if "it is possible to ascertain with a high degree of probability that the jury ... did not rely upon the arguably unsupported theory." United States v. Alexander, 748 F.2d 185, 189 (4th Cir.1984), cert. denied, 472 U.S. 1027 (1985). See also United States v. Mandel, 862 F.2d 1067, 1073 (4th Cir.1988), cert. denied, 57 U.S.L.W. 3826 (U.S. June 19, 1989) (No. 88-1759). But cf. United States v. Head, 641 F.2d 174 (4th Cir.1981). This approach allows the appellate court to dispel any doubts "by a practical assessment of the record." Tresvant, 677 F.2d at 1024 (Phillips, J., concurring).
 
 
 5
 We find that the state's evidence showed, without contradiction, that to accomplish his purpose, Brooks struck his victim in the head with the butt of a rifle, causing a skull fracture. Brooks also threatened his victim with a knife to get her to undress. Moreover, the state's evidence of burglary was weak--there was an utter lack of proof as to how Brooks entered the dwelling.[6] In the circumstances presented, we readily conclude that there is a "high degree of probability" that the jury at least relied on the aggravated force provision. Cf. State v. Lynn, 277 S.C. 222, 284 S.E.2d 786 (1981) (acquittal of a burglary is not inconsistent with a verdict of guilty of first degree criminal sexual conduct based on evidence of aggravated force). Therefore, we are not uncertain that the jury based its verdict, at least in part, on a proper ground and, thus, Brooks is not entitled to relief.
 
 
 6
 Regarding Brooks' claim of ineffective assistance of counsel, we note that it is entirely premised on the validity of the substantive argument which we have rejected today. Therefore, he is not entitled to relief on this ground either. See Adams v. Wainwright, 764 F.2d 1356, 1361-61 n. 4 (11th Cir.1985), cert. denied, 474 U.S. 1073 (1986).
 
 
 7
 Accordingly, we deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented on the record before this Court and oral argument would not aid the decisional process.
 
 
 8
 DISMISSED.
 
 
 
 [1]
 S.C.Code Ann. Sec. 16-3-652 reads, in pertinent part:
 (1) A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim and if any one or more of the following circumstances are proven:
 (a) The actor uses aggravated force to accomplish sexual battery.
 (b) The victim submits to sexual battery by the actor under circumstances where the victim is also the victim of forcible confinement, kidnapping, robbery, extortion, burglary, housebreaking, or any other similar offense or act.
 The jury in Brooks' case was instructed that Brooks used aggravated force and/or his victim was also a victim of a burglary.
 
 
 [2]
 Brooks was charged with burglary, first degree criminal sexual conduct, and larceny. At trial, he was convicted as charged
 
 
 [3]
 Review of Brooks' original appellate brief shows that Brooks did expressly challenge the criminal sexual conduct conviction in an entire section of his brief. However, Brooks did not make his argument in this regard under a specific exception
 
 
 [4]
 We note the finding of the state judge, who ruled on Brooks' third state post-conviction motion that, contrary to the South Carolina Supreme Court, Brooks "attempted to contest the criminal sexual conduct conviction in the direct appeal brief and petition for rehearing."
 
 
 [5]
 It does not matter if the invalid ground is factually or legally unsupported. United States v. Tresvant, 677 F.2d 1018, 1023 (4th Cir.1982) (Phillips, J., concurring)
 
 
 [6]
 The South Carolina Supreme Court reversed the burglary conviction because the state failed to show a "breaking." State v. Brooks, 277 S.C. at 112, 283 S.E.2d at 831