734 S.E.2d 650

**The STATE, Petitioner,**

v.

**Lawrence PHILLIPS, Respondent.**

**Appellate Case No. 2011–197426.**

**No. 27190.**

Supreme Court of South Carolina.

Submitted Nov. 5, 2012.

Decided Nov. 21, 2012.

---

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Deputy Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Petitioner.

Appellant Defender Breen Richard Stevens, of South Carolina Commission on Indigent Defense, of Columbia, for Respondent.

PER CURIAM.

The State appeals the Court of Appeals' decision invalidating respondent's sentence of life without parole. We grant the petition for certiorari, dispense with further briefing, and affirm as modified.

## FACTS

Respondent was convicted of second-degree arson and sentenced to life without parole (LWOP). The Court of Appeals affirmed the second-degree arson conviction, but reversed and remanded as to the LWOP sentence finding the use of a 1979 burning conviction was inappropriate for sentence enhancement purposes. *State v. Phillips*, 393 S.C. 407, 712 S.E.2d 457 (Ct.App.2011). The State now seeks review of the Court of Appeals' decision.

## DISCUSSION

■ Upon conviction of a serious offense, a person must be sentenced to LWOP if the person has two or more prior convictions for a serious offense. S.C.Code Ann. § 17–25–45(B) (Supp.2008). When a prior conviction is for an offense not found in § 17–25–45, trial judges can look to the elements of the prior offense to determine if they are equivalent to the elements of an offense found in the statute for purposes of sentence enhancement. *See State v. Lindsey*, 355 S.C. 15, 583 S.E.2d 740 (2003); *State v. Washington*, 338 S.C. 392, 526 S.E.2d 709 (2000).

■ The cardinal rule of statutory construction is to ascertain and effectuate the legislative intent whenever possi-

ble. *State v. Baucom,* 340 S.C. 339, 342, 531 S.E.2d 922, 923 (2000). The Court should give words "their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation." *State v. Sweat,* 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010).

The Court of Appeals found respondent's 1979 conviction for burning did not contain the same elements as the second-degree arson statute and thus did not qualify as a serious offense for LWOP purposes. The Court of Appeals determined the two statutes contained many of the same elements but differed in identifying the type of building harmed. Specifically, the Court of Appeals found the 1979 burning statute applied to "any building other than a dwelling," whereas the second-degree arson statute only applied to "any structure designed for human occupancy." Thus, the Court of Appeals reasoned that in order for the 1979 burning conviction to be used for LWOP purposes, the burning must have been of a structure designed for human occupancy.[1]

The Court of Appeals further determined the State failed to present evidence respondent burned any of the structures delineated in the second-degree arson statute; thus, the Court of Appeals found respondent's 1979 conviction did not sufficiently mirror the second-degree arson statute for sentence enhancement purposes.

■ We find that the Court of Appeals erred in interpreting the second-degree arson statute to be limited to structures designed for human occupancy. Under the plain reading of the statute, the phrase "or any structure designed for human occupancy" does not contain language indicating that it applies to the subsection as a whole. While the other categories of structures listed may be considered buildings designed for human occupancy, this phrase should not be considered all encompassing. *Sweat, supra* (stating courts should give words their ordinary meaning and should not resort to forced construction to limit or expand a statute).

---

1. The Court of Appeals erroneously states former § 16–11–110(B) provides that "schools, churches, businesses, and any *other* 'structure designed for human occupancy' " receive the same protection as dwellings. (Emphasis added). The statute does not contain the word "other," which leads to the Court of Appeals' flawed interpretation of the statute.

■ However, while the structure respondent burned in 1979 need not have been designed for human occupancy to be considered second-degree arson, it must fall into one of the categories delineated in the statute. The only category it could possibly fall into is "a public or private school facility." The Court of Appeals did not err in determining the State failed to meet its burden of proving respondent burned a school facility. Accordingly, the Court of Appeals properly concluded the 1979 conviction should not have been used for sentence enhancement purposes under § 17–25–45.

Moreover, although the Court of Appeals erroneously interpreted former § 16–11–110(B), we note that the impact of this erroneous interpretation has been limited by the 2010 amendment to the statute.

## CONCLUSION

The portion of the Court of Appeals' opinion reversing respondent's sentence is

**AFFIRMED AS MODIFIED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.