**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

William Travis Calvert, Appellant.

Appellate Case No. 2014-001930

---

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-330
Submitted April 1, 2016 – Filed June 29, 2016

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Susannah Rawl Cole, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v.*

*Pinckney*, 339 S.C. 346, 349, 529 S.E.2d 526, 527 (2000) ("On a motion for a directed verdict in a criminal case, the trial court is concerned with the existence or non-existence of evidence, not its weight."); *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("On appeal from the denial of a directed verdict, [the appellate court] must view the evidence in the light most favorable to the State."); *State v. Lollis*, 343 S.C. 580, 584, 541 S.E.2d 254, 256 (2001) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); S.C. Code Ann. § 16-11-311(A) (2015) (providing entry into a "dwelling" is an element of first-degree burglary); S.C. Code Ann. § 16-11-10 (2015) (defining "dwelling house" for the purposes of our state's arson and burglary statutes as "any house, outhouse, apartment, building, erection, shed or box in which there sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there with a view to the protection of property"); *State v. Glenn*, 297 S.C. 29, 32, 374 S.E.2d 671, 672 (1988) ("[T]he test of whether a building is a dwelling house turns on whether the occupant has left with the intention to return."); *State v. Evans*, 376 S.C. 421, 425, 656 S.E.2d 782, 784 (Ct. App. 2008) (explaining an occupant's temporary absence from a building is irrelevant when determining whether the building should be considered a "dwelling" for the purposes of the burglary statute).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.