**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John Henry Holmes, Jr., Appellant.

Appellate Case No. 2015-002195

_____

Appeal From Charleston County
Roger E. Henderson, Circuit Court Judge

_____

Unpublished Opinion No. 2017-UP-159
Submitted March 1, 2017 – Filed April 19, 2017

_____

**AFFIRMED**

_____

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

_____

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Cherry*, 361 S.C. 588, 593, 606 S.E.2d 475, 477-78 (2004) ("When ruling on a motion for a directed verdict, the trial court is concerned with

the existence or nonexistence of evidence, not its weight."); *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014) ("On appeal from the denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the State."); *Cherry*, 361 S.C. at 593-94, 606 S.E.2d at 478 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); S.C. Code Ann. § 16-11-311(A)(3) (2015) ("A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and . . . the entering or remaining occurs in the nighttime."); *State v. Evans*, 376 S.C. 421, 425, 656 S.E.2d 782, 784 (Ct. App. 2008) ("[T]he test of whether a building is a dwelling house turns on whether the occupant has left with the intention to return." (quoting *State v. Glenn*, 297 S.C. 29, 32, 374 S.E.2d 671, 672 (1988))); *State v. Brooks*, 277 S.C. 111, 113, 283 S.E.2d 830, 831 (1981) (holding an intent to commit any crime is sufficient to satisfy the burglary statute); *State v. Meggett*, 398 S.C. 516, 527, 728 S.E.2d 492, 498 (Ct. App. 2012) ("[W]hether a defendant possessed the requisite intent at the time the crime was committed is typically a question for jury determination because, without a statement of intent by the defendant, proof of intent must be determined by inferences from conduct."); *State v. Haney*, 257 S.C. 89, 91-92, 184 S.E.2d 344, 345 (1971) ("When the building entered is a dwelling house, the weight of authority holds that the unexplained breaking and entry in the night is itself evidence of intent to commit larceny rather than some other crime."); *State v. Gilliland*, 402 S.C. 389, 397, 741 S.E.2d 521, 526 (Ct. App. 2012) ("Although the intent to commit a crime must exist at the time the accused enters the dwelling, the jury may base its determination of that intent upon evidence of the accused's actions once inside the dwelling.").

**AFFIRMED.**[1]

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.