**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ben Reed, IV, Appellant.

Appellate Case No. 2019-000355

———————

Appeal From Beaufort County
Robert E. Hood, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-327
Submitted June 1, 2021 – Filed September 15, 2021

———————

**AFFIRMED**

———————

Appellate Defender Adam Sinclair Ruffin, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:** Ben Reed, IV, appeals his conviction of first-degree burglary and sentence of seventeen years' imprisonment. He argues the trial court erred in refusing to charge the jury on the lesser-included offense of second-degree

burglary because the victim's absence from the home transformed the home from a "dwelling" into a "building" under the burglary statutes.  We affirm.

Based on the evidence presented at trial that the victim still had furniture, medicine, clothes, and food in the home, and because she testified she intended to return to the home, we find the home was still a dwelling.  Thus, the trial court did not abuse its discretion by refusing to charge the jury on the lesser-included offense of second-degree burglary.  *See State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 166 (2007) ("An appellate court will not reverse the trial [court]'s decision absent an abuse of discretion."); *id.* at 570, 647 S.E.2d at 166-67 ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Tucker*, 324 S.C. 155, 170, 478 S.E.2d 260, 268 (1996) ("The trial court should refuse to charge on a lesser-included offense where there is no evidence that the defendant committed the lesser rather than the greater offense."); *State v. Hill*, 315 S.C. 260, 262, 433 S.E.2d 848, 849 (1993) ("The law to be charged to the jury is determined by the evidence presented at trial."); S.C. Code Ann. § 16-11-311(A)(3) (2015) (stating an individual is guilty of first-degree burglary "if the person enters a dwelling without consent and with intent to commit a crime in the dwelling . . . [during] the nighttime"); S.C. Code Ann. § 16-11-312(A)-(B)(3) (2015) (stating an individual is guilty of second-degree burglary "if the person enters a dwelling without consent and with intent to commit a crime therein" or "enters a building without consent and with intent to commit a crime therein . . . [during] the nighttime"); S.C. Code Ann. § 16-11-10 (2015) (defining a "dwelling" in the context of a burglary as "any house, outhouse, apartment, building, erection, shed or box in which there sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there with a view to the protection of property"); *State v. Ferebee*, 273 S.C. 403, 405, 257 S.E.2d 154, 155 (1979) ("[T]he temporary absence of occupants will not prevent a residence from becoming the subject of a burglary."); *State v. Glenn*, 297 S.C. 29, 32, 374 S.E.2d 671, 672 (1988) ("[T]he test of whether a building is a dwelling . . . turns on whether the occupant has left with the intention to return."); *State v. Davis*, 422 S.C. 472, 485-86, 812 S.E.2d 423, 431 (Ct. App. 2018) ("In considering whether an occupant had an intention to return, courts may consider circumstantial evidence depicting such an intent.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**