**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William H. McCladdie, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2016-001979

―――――――――――――

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2021-UP-404
Submitted November 1, 2021 – Filed November 17, 2021

―――――――――――――

**AFFIRMED**

―――――――――――――

Appellant Defender Susan Barber Hackett, of Columbia, for Petitioner.

Senior Assistant Deputy Attorney General Megan Harrigan Jameson, of Columbia, for Respondent.

―――――――――――――

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR). Because there is sufficient evidence to support the PCR judge's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal and because the State consents, we grant certiorari on Petitioner's Question One and proceed with a review of the

direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). We deny certiorari on Petitioner's Question Two.

We affirm the trial court's denial of Petitioner's motion for a directed verdict pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate. If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury."); S.C. Code Ann. § 16-11-311(A)(3) (2015) (providing first-degree burglary occurs when a "person enters a dwelling without consent and with intent to commit a crime in the dwelling, and . . . the entering or remaining occurs in the nighttime"); S.C. Code Ann. § 16-11-310(2) (2015) ("'Dwelling' means its definition found in [s]ection 16-11-10 [of the South Carolina Code (2015)] and also means the living quarters of a building which is used or normally used for sleeping, living, or lodging by a person."); § 16-11-10 ("With respect to the crime[] of burglary . . . , any house, outhouse, apartment, building, erection, shed or box in which there sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there with a view to the protection of property shall be deemed a dwelling house . . . ."); *State v. Ferebee*, 273 S.C. 403, 406, 257 S.E.2d 154, 155 (1979) (finding a vacant apartment was not a dwelling because the former tenant did not intend to return and "no evidence indicat[ed] that the owner ever occupied or intended to occupy or dwell in the apartment"); *State v. Glenn*, 297 S.C. 29, 32, 374 S.E.2d 671, 672 (1988) (finding a mobile home was a dwelling because "ample evidence existed that [the defendant] did not vacate her mobile home but left with the intention of returning"); *State v. Evans*, 376 S.C. 421, 425, 656 S.E.2d 782, 784 (Ct. App. 2008) (providing the pertinent test for determining whether a building is a dwelling under section 16-11-10 is "whether the occupant has left with the intention to return"); *id.* (finding a secondary residence was a dwelling when sufficient evidence showed the owners intended to return to the property); *State v. Davis*, 422 S.C. 472, 477, 479, 812 S.E.2d 423, 426, 427 (Ct. App. 2018) (holding there was sufficient circumstantial evidence that a home was a dwelling because the homeowner's son testified the homeowner had given him a power of attorney, he or his wife checked on the home every two or three days, the homeowner's personal effects remained in the home, measures were taken to secure the home from intruders, and the utilities were still on in the home).

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.