**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Jaden Imarion Gary, Appellant.

Appellate Case No. 2021-000967

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2023-UP-364
Submitted October 1, 2023 – Filed November 8, 2023

**AFFIRMED**

Elizabeth Anne Franklin-Best, of Elizabeth
Franklin-Best, P.C., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ambree Michele Muller, both of
Columbia; and Solicitor Barry Joe Barnette, of
Spartanburg, all for Respondent.

**PER CURIAM:** Jaden Gary appeals his convictions for first-degree burglary,
possession of a weapon during the commission of a violent crime, and grand
larceny, and his concurrent sentences of twenty years' imprisonment for

first-degree burglary, five years' imprisonment for the weapon charge, and three years' imprisonment for grand larceny. On appeal, Gary argues the trial court erred by (1) refusing to instruct the jury on second-degree burglary as a lesser-included offense of first-degree burglary and (2) punishing him for exercising his right to a jury trial by imposing a sentence greater than the State offered during plea negotiations. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion in refusing to instruct the jury on second-degree burglary because there was no evidence from which the jury could infer the defendant committed the lesser rather than the greater offense. *See State v. McGowan*, 430 S.C. 373, 379, 845 S.E.2d 503, 505 (Ct. App. 2020) ("An appellate court will not reverse a [trial] court's decision regarding a jury instruction unless there is an abuse of discretion."); *State v. White*, 361 S.C. 407, 412, 605 S.E.2d 540, 542 (2014) ("A trial judge must charge a lesser included offense if there is any evidence from which the jury could infer the defendant committed the lesser rather than the greater offense."); S.C. Code Ann. § 16-11-311(A)(1)(a) (2015) ("A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and . . . is armed with a deadly weapon . . . ."); S.C. Code Ann. § 16-11-312(A)(1)(a) (2015) ("A person is guilty of burglary in the second degree if the person enters a building without consent and with intent to commit a crime therein, and . . . is armed with a deadly weapon . . . ."); S.C. Code Ann. § 16-11-10 (2015) (defining a dwelling as "any house, outhouse, apartment, building, erection, shed or box in which there sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there with a view to the protection of property"). Although Gary argues that he did not know the house was occupied, the evidence presented at trial was that the house contained furniture, electronics, and other personal belongings, the house had working utilities, and the victim testified he intended to return to the house after work. Video capturing the burglary showed Gary telling the other participants to be quiet by motioning with his finger over his mouth. Thus, we find there is no evidence from which the jury could infer Gary committed the lesser offense of second-degree burglary rather than first-degree burglary. *See State v. Glenn*, 297 S.C. 29, 32, 374 S.E.2d 671, 672 (1988) (explaining that "the test of whether a building is a dwelling . . . turns on whether the occupant has left with the intention to return"); *compare State v. Phillips*, 393 S.C. 407, 413-14, 712 S.E.2d 457, 460 (Ct. App. 2011), *aff'd as modified*, 400 S.C. 460, 734 S.E.2d 650 (2012) (finding the occupant leaving his dog and other items at the house was sufficient evidence he intended to return), *with State v. Ferebee*, 273 S.C. 403, 405-06, 257 S.E.2d 154, 155 (1979) (finding no intent to return when the tenants permanently

vacated the rental apartment a week before the burglary, the apartment was listed for rent, and no evidence indicated the owner ever occupied or intended to occupy the apartment).

2.  We find that whether the trial court punished Gary for exercising his right to a jury trial by imposing a longer sentence than the State offered during plea negotiations is not preserved for appellate review because it was not raised to or ruled on by the trial court.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id.* at 142, 587 S.E.2d at 693-94 ("Issues not raised and ruled upon in the trial court will not be considered on appeal.").

**AFFIRMED.**[1]

**MDONALD and VINSON, JJ., and BROMELL HOLMES, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.