18317

The **STATE,** Respondent, v. James **MOORE,** Appellant
**(140 S. E. (2d) 779)**

Messrs. *Greer & Chandler,* of Darlington, and *Edward E. Saleeby,* of Hartsville, *for appellant,*

Messrs. *Daniel R. McLeod, Attorney General, Joseph C. Coleman, Assistant Attorney General, C. T. Goolsby, Jr., Assistant Attorney General,* of Columbia, and *Robert L. Kilgo, Solicitor,* of Darlington, *for Respondent,*

March 5, 1965.

LEWIS, Justice.

The defendant was convicted on a charge of assault and battery of a high and aggravated nature upon one Broughton, and has appealed. The indictment charged that the offense was committed with "a car and some other hard object." The exceptions allege error in the rulings of the trial judge in several particulars, but the only one which need be considered is that which charges error in the refusal of the trial judge to submit to the jury the issue of defendant's possible guilt of simple assault and battery.

Apparently, according to the testimony of Broughton, the difficulty which gave rise to the present prosecution arose from a contest between him, a single man, and the defendant, who was married, over the affections of one Bickerstaff, a nurse and a divorcee. Broughton, who was in the United States Navy and on leave, testified that on March 22, 1963, between twelve and one o'clock a. m., as he was traveling from Hartsville to Kershaw from a date with Bickerstaff, he discovered another automobile following him; that the car behind began bumping the rear of his car; and he speeded up to get out of the way but was unable to do so, finally being forced to stop on the side of the road by the pursuing car; that, when the vehicles came to a stop, the defendant got out of the pursuing car, threatened to kill him, beat on the side of his automobile with an unidentified heavy metal object, and struck him on the forehead and the back of the head with the object; and that, as a result of the blows inflicted by the defendant, he sustained a brain concussion and partial loss of hearing and vision, necessitating medical treatment by physicians. The extent of Broughton's injuries was verified by a police officer who saw him later, but the physicians who allegedly treated him did not testify.

There was testimony on the part of the State that, after the alleged difficulty, Broughton had a gash over his eye, that he was bleeding badly, that there was blood over the inside of his car, that he was not drinking intoxicants, and that the back bumper of his car was bent in about four inches from the blows inflicted by the defendant's automobile. Although the condition of the automobile had not been changed, it was not placed in evidence for the jury's inspection.

The defendant denied that he made any assault upon the prosecuting witness and his main defense was alibi. In addition, Bickerstaff testified that she saw the prosecuting witness at the hospital in Hartsville, where she worked, shortly after the alleged difficulty; and that he had only a slight bump on his forehead, which required no bandage or treatment. She further testified that he had no cut, no bleeding, required no medication, had no blood on his clothes or about the car, and no damage to the car as claimed by the State. There was also testimony that Broughton had been drinking and told Bickerstaff after the alleged incident that he did not know how he received the bump on his forehead. She stated that he was not sure whether some one had run him off the road or whether he had just "blacked out."

Upon the basis of the testimony introduced by the defendant, relative to the inconsequential nature of the injury to the prosecuting witness, defense counsel requested that the trial judge submit to the jury the issue of defendant's possible guilt of simple assault and battery. This request was refused upon a conclusion by the trial judge that there was no evidence to warrant the submission to the jury of the question of defendant's guilt of the lesser offense.

It is well settled that a charge of assault and battery of a high and aggravated nature may include simple assault and battery; and, where there is any evidence that the accused may have committed the lesser offense, it is mandatory upon the trial court, when so requested, to

submit such issue to the jury under appropriate instructions. *State v. Knox*, 98 S. C. 114, 82 S. E. 278; *State v. Mims et al.*, 133 S. C. 230, 130 S. E. 752; *State v. Shea*, 226 S. C. 501, 85 S. E. (2d) 858.

An assault and battery of a high and aggravated nature is defined as an unlawful act of violent injury to the person of another accompanied by circumstances of aggravation; while a simple assault and battery is an unlawful act of violent injury to the person of another unaccompanied by any circumstances of aggravation. *State v. Jones*, 133 S. C. 167, 130 S. E. 747.

There can be no doubt that the State's testimony, considered alone, made out a case of only assault and battery of a high and aggravated nature. In determining the issues to be submitted to the jury, however, all of the testimony, both for the State and the defense, must be considered. In the light of the defense testimony, it became an issue for the jury to determine whether there was an assault and battery and, if so, whether it was simple or aggravated.

The circumstances of aggravation relied upon by the State were based upon the testimony relative to (1) the bumping of the car of the prosecuting witness by the car of the defendant and thereby forcing it off the road, (2) the use of a metal object in striking the blow, and (3) the serious nature of the injuries inflicted. The testimony introduced by the defendant placed the existence of all these circumstances in issue. From the testimony relative to the inconsequential nature of the injury to the prosecuting witness, the conclusion could have been reached that, if a blow was struck, it was slight and was not inflicted with a metal object. The testimony that the automobile of the prosecuting witness was not damaged, as he said it was, certainly raised a question as to whether his car was bumped, or struck at all, and as to whether he was forced off the road by the car of the defendant as contended.

The fact that the defendant interposed the defense of alibi did not deprive him of the benefit of the reasonable inferences to be drawn from the testimony relative to the degree of the offense committed, for the burden of establishing the offense charged rested upon the State. Under all of the testimony, the degree of the offense was in issue and the trial judge erred in refusing to submit the question to the jury for determination under proper instructions.

Reversed and remanded for a new trial.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.