18986

The STATE, Respondent, v. Carl F. CUNNINGHAM, Appellant

(171 S. E. (2d) 159)

*William L. Shipley, Esq.,* of Monck's Corner, *for Appellant,*

*Robert B. Wallace, Esq., Solicitor,* of Charleston, *for Respondent,*

November 21, 1969.

Moss, Chief Justice.

Carl F. Cunningham, the appellant herein was tried upon an indictment containing two counts: (1) Assault with intent to ravish; and (2) Assault and battery of a high and aggravated nature. The case came on for trial before The Honorable Clarence E. Singletary, Resident Judge of the Ninth Judicial Circuit, and a jury, at the 1968 June Term of the Court of General Sessions for Berkeley County. The jury found the appellant guilty of an assault and battery of a high and aggravated nature. He was sentenced to serve a term of ten years on the public works of said county or in the State Penitentiary. The appellant duly made a motion for a new trial and such was refused. This appeal followed.

During the course of the charge to the jury, the presiding judge was requested by counsel for the appellant to charge the jury the law of simple assault and battery. This request was refused and error is assigned for such refusal.

The rule is well settled that an indictment for a higher offense will sustain a conviction for a lower offense included in the higher and a jury can find a defendant guilty of a simple assault and battery under an indictment charging an assault and battery of a high and aggravated nature It is not error, however, for a presiding judge to re-

fuse to submit the question of simple assault and battery to the jury under an indictment for an assault and battery of a high and aggravated nature, unless there is testimony tending to show that the defendant is only guilty of a simple assault and battery. *State v. Hollman,* 245 S. C. 362, 140 S. E. (2d) 597.

Assault and battery of a high and aggravated nature is an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation, such as the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, the great disparity between the ages and physical conditions of the parties, a difference in the sexes, indecent liberties or familiarities with a female, the purposeful infliction of shame and disgrace, resistance of lawful authority, and others. *State v. Self,* 225 S. C. 267, 82 S. E. (2d) 63; *State v. Hollman,* 245 S. C. 362, 140 S. E. (2d) 597.

A simple assault and battery, as the term implies, is an unlawful act of violent injury to the person of another, unaccompanied by any circumstances of aggravation. *State v. DeBerry,* 250 S. C. 314, 157 S. E. (2d) 637.

While agreeing that a charge of assault and battery of a high and aggravated nature may include a simple assault and battery, we cannot agree with the position of the appellant. We recite so much of the testimony to show that the position of the appellant is untenable.

The presecutrix was a twenty-three year old matron. She was the wife of a member of the United States Navy, and, at the time of the happening here he was at sea and she was living in their home in Berkeley County. She testified that at about 11:30 P. M., on August 28, 1967, she was engaged in painting her living room. While so engaged, and wearing a pink nightgown and a pink robe, the appellant knocked at her door and inquired if she knew where a certain person lived. When she advised him that she did not know the per-

son mentioned, he asked if he might use her telephone, and he was admitted to the home for this purpose. After finishing a telephone call, the appellant then asked for a drink of water, which was furnished him. He then asked as to what time of night it was. Since the only clock in the home was in the bedroom and in order to answer the appellant's question it was necessary for her to go to the bedroom. The appellant followed her into the bedroom. After giving him the time, he grabbed her by the wrist and pushed her down on the bed. She testified that he held her hands together while he removed her panties and attempted to have sex relations with her. She testified that she resisted the advances made by the appellant and soon thereafter he left her home without having had sex relations with her.

The appellant's testimony was that he did go to the home of the prosecutrix and made inquiries as to where a Sergeant Benson lived. He used the telephone, got a drink of water, and asked what time it was. He testified that after the prosecutrix went into the bedroom and told him the time of night that she then placed herself on the bed and when he realized the situation he left. He also testified that while he was present in the home of the prosecutrix that he at no time placed his hands upon her nor did he remove any of her clothing or take any indecent liberties or familiarities with her.

We find no evidence in the record on the part of the State or the appellant tending to show that he was only guilty of a simple assault and battery. The testimony is to the contrary. In this situation, the question for the jury was whether the appellant was guilty of an assault and battery of a high and aggravated nature or not guilty.

The appellant also contends that the trial judge was in error in refusing to charge the law of simple assault and battery because the testimony of the prosecutrix was to the effect that the appellant did not bruise or injure her in any way. In the *DeBerry* case, above cited, we said:

"Serious bodily harm to the prosecuting witness is not necessary to establish an assault and battery of a high and aggravated nature. Should a stranger on the street embrace a young lady, or a large man improperly fondle a child, the assault and battery would be aggravated though no actual bodily harm was done. * * *"

We have examined the entire record in this case and find no evidence that would require the presiding judge to submit to the jury the question of a simple assault and battery. There was no error on the part of the trial judge in refusing the request of the appellant.

The appellant also alleges that the sentence imposed upon him was harsh, unreasonable and excessive. This court has repeatedly held that it has no jurisdiction on appeal to correct a sentence alleged to be excessive when it is within the limits prescribed by law. The sentence here was imposed pursuant to Section 17-553 of the Code, and being within the limits of its provisions, this court is without authority to change the sentence. *Thompson v. State,* 251 S. C. 593, 164 S. E. (2d) 760.

The exceptions of the appellant are overruled and the judgment below, is

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.