## 22003

The STATE Respondent, v. Bernard LAMBRIGHT, Appellant.

(309 S. E. (2d) 7)

*Asst. Appellate Defender Elizabeth C. Fullwood,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod,* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Robert J. Harte,* Aiken, *for respondent.*

Nov. 9, 1983.

LITTLEJOHN, Justice:

The Defendant-Appellant, Bernard Lambright, was tried by a jury and convicted of: (1) burglary, and (2) criminal sexual assault in the first degree. The trial judge sentenced him to life imprisonment on the burglary count and thirty years in prison for the criminal sexual assault count, suspended upon serving twenty years with five years probation. The sentences run concurrently.

Lambright has appealed, submitting to the Court two errors on the part of the trial judge, raising questions as copied from counsel's brief as follows:

I. Did the lower court err in refusing to charge the jury on assault and battery of a high and aggravated nature when appellant's testimony tended to prove that this offense rather than criminal sexual conduct had occurred?

II. Did the State present evidence of a breaking sufficient to support a conviction for burglary?

We hold that the trial judge should have charged the law of assault and battery of a high and aggravated nature and reverse and remand for a new trial. We affirm the conviction and sentence for burglary.

It was the contention of the State, as substantiated by testimony of victim, Betty Sue Demons, that Lambright came to her house in the nighttime and attempted to gain entrance three times after knocking on the door. Ms. Demons was acquainted with him and refused to let him in. Her doors were locked. Later, he appeared in the doorway of her bedroom, brutally assaulted her, and accomplished by force a sexual act by actual penetration. He was cut with a pair of scissors in the affray.

It is the contention of Lambright that he was allowed to enter the home with Ms. Demons' permission. They sat on the couch where difficulty arose, and she struck him. He began to strike back and bite her. He denied having sexual intercourse with the prosecuting witness.

Criminal sexual conduct in the first degree is described in S. C. Code Ann. § 16-3-652 (Cum. Supp. 1982) as follows:

(1) A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim and if any one or more of the following circumstances are proven:
    (a) The actor uses aggravated force to accomplish sexual battery.
    (b) The victim submits to sexual battery by the actor under circumstances where the victim is also the victim of forcible confinement, kidnapping, robbery, extortion, burglary, housebreaking, or any other similar offense or act.

"Aggravated force" is defined in S. C. Code Ann. § 16-3-651(c) (Cum. Supp. 1982) as:

Mean[ing] that the actor uses physical force or physical violence of a high and aggravated nature to overcome the victim or includes the threat of the use of a deadly weapon.

When the evidence is susceptible of the inference that an accused person is guilty of only a lesser included offense, it is the duty of the trial judge to charge the lesser offense so the jury may choose. If the evidence given by Lambright were accepted by a jury as being true, we are of the opinion that the jury might have found him guilty of only assault and battery of a high and aggravated nature. We hold this to be a lesser included offense of criminal sexual assault in the first degree, and hold that the judge erred in refusing to give the accused person the benefit of that charge.

As relates to the burglary charge, we are of the opinion that the evidence created issues of fact for determination by the jury and that the judge was correct in refusing to grant a directed verdict. The accused is charged in the indictment with breaking and entering the dwelling house of the victim with intent to commit a felony. Criminal sexual conduct in the

first degree is a felony. The jury has found as a matter of fact that there was a breaking with intent to commit that offense.

We have recently held in the case of *State v. Brooks,* 277 S. C. 111, 283 S. E. (2d) 830 (1981), that one may be guilty of burglary if there is a breaking and entering of a residence in the nighttime with intent to commit either a felony or a misdemeanor. Independent of our ruling in *Brooks,* and regardless of the outcome of a new trial on the criminal sexual conduct in the first degree charge, the fact remains that the jury was warranted in finding him guilty of intent to commit a felony even though he may be found in the last analysis to have failed in his ambition, and committed instead only the offense of assault and battery of a high and aggravate nature. In summary, the outcome of the new trial will have no bearing on the burglary charge which we herein affirm.

Counsel argues that there is no evidence of a breaking. The victim testified that on the night of the attack, both the front and back doors of her house were locked and all of the windows had screens in place. She was disturbed by her son's screaming and arose to investigate. It was at that point the Appellant appeared in the doorway of the victim's bedroom. Other testimony from an investigator who arrived at the victim's house shortly after the incident, reveals that the screen in the window of the child's room had been disturbed and was not in its proper position. This made an issue of fact for the jury because it tended to prove that Lambright did commit a breaking.

The conviction and sentence for burglary is affirmed; the conviction of criminal sexual assault in the first degree is reversed and remanded for a new trial.

Affirmed in part; reversed and remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.