22459

The STATE, Respondent v. Robert DRAFTS, Appellant.

(340 S. E. (2d) 784)

Supreme Court

---

[1] Circuit Court Rule 56 was repealed in July 1985, and replaced with South Carolina Rule of Civil Procedure 7(b).

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* Columbia and *Sol. Donald V. Myers,* Lexington, *for respondent.*

*Deputy Chief Atty. Elizabeth C. Fullwood* and *Asst. Appellate Defender Wanda P. Hagler* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

Heard Jan. 8, 1986.

Decided Feb. 4, 1986.

GREGORY, Justice:

Appellant Robert Drafts was indicted for kidnapping and assault with intent to commit criminal sexual conduct in the first degree. A jury found him guilty on both counts. He was sentenced to life imprisonment for kidnapping and thirty

(30) years imprisonment for assault with intent to commit criminal sexual conduct in the first degree. Drafts appeals only the latter conviction. We reverse and remand for a new trial on the charge of assault with intent to commit criminal sexual conduct in the first degree.

Appellant's sole attack on his conviction alleges the trial judge erred in failing to charge the jury on assault with intent to commit criminal sexual conduct in the second and third degrees, and assault and battery of a high and aggravated nature. We agree only with his latter contention.

A trial judge is required to charge a jury on a lesser included offense if there is evidence from which it could be inferred that a defendant committed the lesser offense rather than the greater. *State v. Gandy*, 283 S. C. 571, 324 S. E. (2d) 65 (1984); *State v. Tyson*, 283 S. C. 375, 323 S. E. (2d) 770 (1984).

In the instant case, the trial judge correctly refused to charge the jury on assault with intent to commit criminal sexual conduct in the second and third degrees. The pertinent statutory provisions are as follows:

§ 16-3-652. Criminal sexual conduct in the first degree.

(1) A person is guilty of criminal sexual conduct in the first degree if the actor engages in *sexual battery* with the victim *and if any one or more* of the following circumstances are proven:

(a) The actor uses aggravated force to accomplish battery.

(b) The victim submits to sexual battery by the actor under circumstances where the victim is also the victim of forcible confinement, *kidnapping*, robbery, extortion, burglary, housebreaking, or any other similar offense or act.

§ 16-3-653. Criminal sexual conduct in the second degree.

(1) A person is guilty of criminal sexual conduct in the second degree if the actor uses aggravated coercion to accomplish *sexual battery.*

§ 16-3-654. Criminal sexual conduct in the third degree.

(1) A person is guilty of criminal sexual conduct in the third degree if the actor engages in *sexual battery* with

the victim and if any one or more of the following circumstances are proven:

> (a) The actor uses force or coercion to accomplish the sexual battery in the absence of aggravating circumstances.
>
> (b) The actor knows or has reason to know that the victim is mentally defective, mentally incapacitated, or physically helpless and aggravated force or aggravated coercion was not used to accomplish sexual battery.

S. C. Code Ann. §§ 16-3-652 through 16-3-654 (Supp. 1985). (Emphasis added.)

The common element of these crimes is the existence of a sexual battery. They differ in the conduct which accompanies the sexual battery. Only criminal sexual conduct in the first degree contains, among other things, kidnapping as the additional element. A kidnapping conviction precludes any finding of criminal sexual conduct in the second and third degrees.

Therefore, assuming a finding of an attempted sexual battery, the jury, having convicted appellant of kidnapping, a conviction which is unappealed, could not have found criminal sexual conduct in the second or third degrees.[1]

However, the trial judge did err in failing to charge the jury on assault and battery of a high and aggravated nature (ABHAN). ABHAN is a lesser included offense of criminal sexual conduct in the first degree. *State v. Lambright*, 279 S. C. 535, 309 S. E. (2d) 7 (1983). As in *Lambright*, the facts presented below required the trial judge to charge the jury on ABHAN.

The State contended Drafts coerced the victim into giving him a ride by showing her a knife. Once inside the vehicle, it was alleged he held the knife at her side and asked if she would "give him a little bit," and then asked her to have oral

---

[1] Drafts argues this conclusion is precluded by this Court's opinion in *State v. Lambright*, 279 S. C. 535, 309 S. E. (2d) 7 (1983), because, in *Lambright*, a burglary conviction did not mandate a conclusion that Lambright was guilty of criminal sexual assault in the first degree. This argument fails. *Lambright* dealt only with the interplay between criminal sexual assault in the first degree, and assault and battery of a high and aggravated nature. The opinion *never* addressed the varying degrees of criminal sexual assault.

sex with him. It was also claimed he started kissing her, touching her breasts and between her legs, trying to place his hands under her shirt and undo her pants.

On the other hand, appellant, testifying in his own defense, claimed he "did not want to do anything" with the victim. He did admit, however, taking indecent liberties with her.

The critical factual issue is whether an attempted sexual battery occurred. Sexual battery is defined as ". . . sexual intercouse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, into any part of a person's body . . .". S. C. Code Ann. § 16-3-651(h) (Supp. 1985). If the jury had believed appellant "did not want to do anything" with the victim, they could have concluded there was no attempted sexual battery and found him guilty of ABHAN. Therefore, ". . . the [trial] judge erred in refusing to give [appellant] the benefit of [the ABHAN] charge." *State v. Lambright*, 279 S. C. at 537, 309 S. E. (2d) at 8.

Accordingly, appellant's conviction for criminal sexual conduct in the first degree is reversed, and the case is remanded for a new trial on that charge.[2]

Reversed and remanded.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[2] Of course, our opinion has no effect on appellant's unappealed kidnapping conviction and sentence, which remain intact.