23276

The STATE, Respondent v. Bobby FRAZIER, Appellant.
(397 S.E. (2d) 93)

Supreme Court

*Asst. Appellate Defender Tara D. Shurling, of S.C. Office of Appellate Defense, Columbia, for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., and Amie L. Clifford, Columbia, and Sol. Randolph Murdaugh, III, Hampton, for respondent.*

Heard May 2, 1989.

Decided Oct 8, 1990.

TOAL, Justice:

Bobby Frazier was convicted of assault with intent to commit criminal sexual conduct in the first degree and assault and battery of a high and aggravated nature (ABHAN). He received a ten year and twenty year sentence to be served consecutively. On appeal, he contends that his conviction and sentence for both offenses violated the constitutional prohibitions against double jeopardy. We disagree and affirm.

## FACTS

On June 24, 1987, Sheila Oliphant went to the IGA to use the pay telephone. At approximately 11:00 p.m., she completed her call and began to walk home. Frazier ran up behind her and grabbed her. They struggled and Frazier began to choke the victim. She got loose enough to turn around and face him. She told him that he should let her go because she had seen his face. Frazier dragged her into the woods, ripped her shorts, pulled off her underwear and loosened his own pants. Frazier stopped when he noticed the headlights of an approaching car. At that point, the victim said, "I told him he going [sic] to have to kill me before he rape [sic] me"; appellant replied, "I'm going to kill you *anyway*." (Emphasis added.) Appellant then put his knee on the victim's chest and began choking her but fled when the car headlights did not move away.

Frazier was indicted and tried for criminal sexual conduct in the first degree and assault and battery with intent to kill (ABIK). The trial court directed a verdict of acquittal on the first degree charge of criminal sexual conduct. The jury was instructed on the offenses of assault with intent to commit criminal sexual conduct in the first degree, ABIK and ABHAN.

Defense counsel objected to the charge of ABIK on the theory that the facts only support one offense and, therefore, the defendant would receive a double penalty for the commission of one crime. In rejecting defense counsel's argument, the trial judge reasoned that the jury could adopt several positions and find that the facts support the conviction for two separate acts. "The first attack being for the purpose of the intent to commit criminal sexual conduct, and then the chok-

ing and holding down with the knee on the chest and the threat of the killing as assault and battery with intent to kill to secrete himself from the car lights across the street."

As noted above, the jury returned a verdict of guilty of both assault with intent to commit criminal sexual conduct in the first degree and ABHAN.

Frazier contends that his conviction and punishment for both offenses violate the constitutional prohibitions against double jeopardy. We disagree.

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Constitution Amend. V. It is the opinion of this Court that the facts in this case support the jury's finding that two offenses were committed and therefore Frazier's trial for and conviction of both offenses did not violate the constitutional prohibition against double jeopardy.

The offense of assault with intent to commit criminal sexual conduct in the first degree is an assault accompanied by (1) the intent to engage in sexual battery and (2) the intent to either use aggravated force to accomplish sexual battery or to have the victim submit to sexual battery under circumstances where the victim is also the victim of forcible confinement, kidnapping, robbery, extortion or burglary. S.C. Code Ann. §§ 16-3-652 and 16-3-656 (Cum. Supp. 1987). The common law offense of assault and battery of a high and aggravated nature is an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation. *State v. Cunningham*, 253 S.C. 388, 171 S.E. (2d) 159 (1969); *State v. Moore*, 245 S.C. 416, 140 S.E. (2d) 779 (1965). In numerous opinions, this Court has set out examples of circumstances of aggravation which include: the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, great disparity between the ages and physical conditions of the parties involved and the difference in the sexes. *See, State v. Brown*, 269 S.C. 491, 238 S.E. (2d) 174 (1977); *State v. Cunningham, supra.*

While we recognize that ABHAN is a lesser included offense of criminal sexual conduct in the first degree, *State v. Mathis*, 287 S.C. 589, 340 S.E. (2d) 538 (1986); *State v. Drafts*, 288 S.C. 30, 340 S.E. (2d) 784 (1986), the facts of this case, as specifically recognized by the trial judge, support the convic-

tions for two separate acts. Frazier was not convicted of two offenses for the commission of one act. Rather, he was found guilty of committing two separate crimes. The assault with intent to commit criminal sexual conduct occurred when Frazier grabbed the victim, forced her into the woods and ripped her clothes in an effort to commit a sexual battery. The ABHAN occurred when Frazier put his knee on the victim's chest, one hand around her neck and told her he was going to kill her. From the facts of this case, it may be reasonably inferred appellant abandoned his attempt to rape the victim then assaulted her in an attempt to silence her because she could identify him. Under this view of the evidence, the threat to kill the victim and the ensuing assault were not in furtherance of the attempted criminal sexual conduct. The convictions for assault with intent to commit criminal sexual conduct and ABHAN were for different acts constituting separate offenses and did not violate appellant's constitutional right against double jeopardy.

For the reasons discussed above, the trial court is affirmed.

GREGORY, C.J., and HARWELL and CHANDLER, JJ., concur.

FINNEY, J., dissents in separate opinion.

FINNEY, Justice:

I respectfully dissent. It is my view that appellant Bobby Frazier's convictions for assault with intent to commit criminal sexual conduct in the first degree and assault and battery of a high and aggravated nature, under the circumstances of this case, violate the Double Jeopardy Clause of the Fifth Amendment.[1] U.S. Const. amend. V. The majority holds that the facts support conviction for two separate acts. I disagree.

The record reveals that appellant conducted one ongoing varied assault in furtherance of his intent to commit criminal sexual conduct. In my opinion, the majority's strained application of statutory and common law definitions to the inextricably interwoven facts of this case is inappropriate. Such application, under these circumstances, makes a sham of state

---

[1] The Double Jeopardy provision protects against multiple punishments for the same offense. *Grady v. Corbin,* ___ U.S. ___, 110 S. Ct. 2084, 109 L. Ed. (2d) 548 (1990).

and federal constitutional prohibitions against double jeopardy as well as the provision for inclusion of lesser grades within greater offenses. It is undisputed that assault and battery of a high and aggravated nature is a lesser included offense of criminal sexual conduct in the first degree. *State v. Mathis*, 287 S.C. 589, 340 S.E. (2d) 538 (1986); *State v. Drafts*, 288 S.C. 30, 340 S.E. (2d) 784 (1986). The United States Supreme Court most recently held that if application of the Blockburger test[2] reveals ". . . that one [of the offenses] is a lesser included offense of the other, then the inquiry must cease, and *subsequent*[3] prosecution is barred." (Emphasis added.) *Grady v. Corbin*, ___ U.S. ___, 110 S. Ct. 2084, 2090, 109 L. Ed. (2d) 548 (1990). Thus, a defendant cannot be convicted of both the greater offense and its lesser included offenses. *See Matthews v. State*, 300 S.C. 238, 387 S.E. (2d) 258 (1990).

I would affirm appellant's conviction and sentence for assault with intent to commit criminal sexual conduct in the first degree and vacate his conviction and sentence for the lesser included offense of assault and battery of a high and aggravated nature.

---

[2] *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932).

[3] I see no constitutional distinction between subsequent conviction and consecutive punishment for the same act based upon the same facts.