THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Bernard Lambright,       
Appellant,
 
 
 

v.

 
 
 
Rodney A. Peeples, Robert J. Harte, and Charles M. Condon,       
Respondents.
 
 
 

Appeal From Aiken County
James C. Williams, Jr., Circuit Court 
 Judge

Opinion No. 2003-UP-64
Submitted November 20, 2002 - Filed 
 January 22, 2003  

AFFIRMED

 
 
 
Bernard Lambright, pro se
Attorney General Henry D. McMaster, Assistant Deputy Attorney 
 General Donald J. Zelenka, and Assistant Deputy Attorney General Allen Bullard, 
 all of Columbia, for Respondents
 
 
 

PER CURIAM:  Bernard Lambright appeals the 
 denial of his petition for writ of mandamus.  Lambright petitioned the trial 
 court to dismiss his burglary indictment because it did not state the offense 
 with sufficient certainty and particularity.  
Lambright was tried by a jury and convicted of 
 first degree criminal sexual conduct and burglary.  The trial court sentenced 
 Lambright to life imprisonment on the burglary conviction and thirty years concurrent 
 on the CSC conviction, suspended upon serving twenty years with five years probation.  
 Subsequently, Lambrights conviction for CSC was reversed and remanded for a 
 new trial.  The Supreme Court affirmed Lambrights burglary conviction.  State 
 v. Lambright, 279 S.C. 535, 309 S.E.2d 7 (1983).  On remand, the State elected 
 to nol pros the CSC charge against Lambright.
DISCUSSION
The States decision to nol pros Lambrights 
 CSC charge is the impetus behind his petition for writ of mandamus to direct 
 the court to dismiss his burglary indictment. [1]   In the petition, Lambright argued the States dismissal of 
 the CSC charge continue[s] [Lambrights] imprisonment on an indictment that 
 fails to specify the object of the burglary.  Lambright contended the burglary 
 indictment does not state the offense with sufficient certainty and particularity.  

The trial court denied Lambrights petition, finding the 
 dismissal of the CSC charge did not impact the burglary conviction.
Lambright appeals from the trial courts denial of his petition 
 for writ of mandamus.  Lambright argues a burglary indictment containing an 
 allegation of intent to commit an unspecified felony is insufficient to continue 
 his imprisonment.
Ordinarily, a writ of mandamus may not be used as a substitute 
 for appeal.  United States v. 91.69 Acres of Land, 334 F.2d 229 (4th 
 Cir. 1964).  A writ of mandamus is used primarily to enforce an established 
 right and to enforce a corresponding imperative duty created or imposed by law.  
 Riverwoods, LLC v. County of Charleston, 349 S.C. 378, 563 S.E.2d 651 
 (2002).  To obtain the writ requiring the performance of an act, the petitioner 
 must show:  (1) a duty of respondent to perform the act; (2) the ministerial 
 nature of the act; (3) the petitioners specific legal right for which discharge 
 of the duty is necessary; and (4) a lack of any other legal remedy.  Id.  
 If the petitioners legal right is doubtful a writ of mandamus cannot rightfully 
 issue.  Id.    
Lambrights petition for writ of mandamus challenges the 
 sufficiency of his burglary indictment.  As such, Lambrights argument challenges 
 the trial courts subject matter jurisdiction to try Lambright for burglary.  
 Questions regarding subject matter jurisdiction may be raised at any time.  
 Carter v. State, 329 S.C. 355, 495 S.E.2d 773 (1998).  
 The trial court has subject matter jurisdiction if there 
 has been an indictment sufficiently stating the offense.  Locke v. State, 
 341 S.C. 54, 533 S.E.2d 324 (2000).  An indictment is sufficient to convey jurisdiction 
 if it apprises the defendant of the elements of the offense intended to be charged 
 and informs the defendant of the circumstances he must be prepared to defend.  
 Granger v. State, 333 S.C. 2, 507 S.E.2d 322 (1998); see Garrett 
 v. State, 320 S.C. 353, 465 S.E.2d 350 (1995) (stating an indictment is 
 adequate if the offense is stated with sufficient certainty and particularity 
 to enable the court to know what judgment to pronounce and the defendant to 
 know what he is called upon to answer); Browning v. State, 320 S.C. 366, 
 368, 465 S.E.2d 358, 359 (1995) (The true test of the sufficiency of an indictment 
 is not whether it could be made more definite and certain, but whether it contains 
 the necessary elements of the offense intended to be charged and sufficiently 
 apprises the defendant of what he must be prepared to meet.).
Lambright was indicted in October 1981 for committing the 
 common law offense of burglary.  Under the common law, burglary consisted of 
 the breaking and entering of a dwelling house of another in the nighttime, with 
 the intent to commit a felony.  State v. Clamp, 225 S.C. 89, 80 S.E.2d 
 918 (1954).  A review of Lambrights burglary indictment shows this offense 
 was stated with sufficient certainty and particularity to vest the trial court 
 with subject matter jurisdiction.
Furthermore, Lambrights argument that the burglary indictment 
 is insufficient because it contained an allegation of his intent to commit an 
 unspecified felony has been foreclosed by State v. Adams, 277 
 S.C. 115, 283 S.E.2d 582 (1981). 
In Adams, the defendant argued his housebreaking indictment 
 was fatally defective because it failed to allege the particular crime intended.  
 The indictment stated, in part, that the defendant did . . . break and enter 
 the house . . . with intent to commit a crime therein.  Id. at 124-25, 
 283 S.E.2d at 587.  The Court held the indictment was sufficient given there 
 was no indication the defendant was unfairly prejudiced since the defendant 
 had been indicted for the crimes accompanying the housebreaking.  See also 
 State v. Brooks, 277 S.C. 111, 283 S.E.2d 830 (1981) (holding a common 
 law burglary indictment is sufficient if it charges one with breaking and entering 
 the dwelling of another in the nighttime with intent to commit any crime, whether 
 it be a felony or misdemeanor).  There is no requirement in the law that the 
 felony or crime intended by the defendant be alleged in a burglary indictment.
In the present case, Lambright was indicted for CSC 
 in addition to the burglary charge.  There is no evidence Lambright was not 
 informed of the CSC charge or that Lambright was not prepared to defend the 
 CSC charge in relation to the burglary charge.  Thus, the original trial court 
 had subject matter jurisdiction and the circuit court did not err in denying 
 Lambrights petition for writ of mandamus given there is no specific legal right 
 entitling Lambright to release from imprisonment.
CONCLUSION
Based on the foregoing 
 analysis, the trial courts decision to deny Lambrights petition for writ of 
 mandamus is
 AFFIRMED.
CONNOR, STILWELL, and HOWARD, 
 JJ., concur.

 
 
 [1]    The burglary indictment stated:  That Bernard Lambright did in 
 Aiken County on or about the 14th day of August, 1981, in the nighttime, 
 break and enter the dwelling house of another, to wit:  Betty Sue Demons with 
 intent to commit a felony therein.