THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Reginald Tyrone Davis, Appellant.
 
 
 

Appeal From Saluda County
 William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2006-UP-328
Submitted September 1, 2006  Filed September 18, 2006

AFFIRMED

 
 
 
 Assistant Appellate Defender Aileen P. Clare, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM: Reginald Tyrone Davis appeals his conviction for first-degree burglary.  Davis argues the trial court erred by denying his motion for a directed verdict.  
We affirm[1] pursuant to Rule 220(b)(2), SCACR and the following authorities:  State v. Walker, 349 S.C. 49, 53, 562 S.E.2d 313, 315 (2002) (In reviewing a motion for directed verdict, the trial judge is concerned with the existence of the evidence, not with its weight.); State v. Gaster, 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002) (On an appeal from the trial courts denial of a motion for a directed verdict, the appellate court may only reverse the trial court if there is no evidence to support the trial courts ruling.); State v. Williams, 350 S.C. 172, 173, 564 S.E.2d 688, 689 (Ct. App. 2002) (When reviewing the denial of a directed verdict motion, this court must view the evidence in the light most favorable to the State and uphold the denial of the motion if there is any evidence, direct or circumstantial, that reasonably tends to prove the guilt of the accused.); State v. Pinckney, 339 S.C. 346, 349, 529 S.E.2d 526, 527-28 (2000) (holding that a defendants actions after entering a house can be evidence used to determine if he had the intent to commit a crime at the time of entry and could support the denial of a directed verdict motion); State v. Lambright,  279 S.C. 535, 538, 309 S.E.2d 7, 9 (1983) (holding the evidence created an issue of fact for the jury whether the defendant committed a breaking where the victim testified the doors of her house were locked and the windows all had screens in place, the defendant appeared in the doorway of the victims bedroom, and an investigator determined a window screen had been disturbed and was not in its proper position); State v. Al-Amin, 353 S.C. 405, 413, 578 S.E.2d 32, 36 (Ct. App. 2003) (Flight from prosecution is admissible as evidence of guilt.); State v. Beckham, 334 S.C. 302, 315, 513 S.E.2d 606, 612 (1999) (Evidence of flight has been held to constitute evidence of guilty knowledge and intent.); State v. Ward, 821 A.2d 822, 834 (Conn. App. Ct. 2003) (noting that the Connecticut Supreme Court has stated evidence of a forcible entry into a dwelling and flight from apprehension provides sufficient evidence for a jury to infer an intent to commit a crime inside the dwelling); 13 Am. Jur. 2d Burglary § 49, at 215 (2000) ([I]ntent to commit a crime . . . may be inferred from the facts and circumstances of the breaking and entering, which usually is based upon what reasonably can be inferred from the conduct of the defendant or by the manner in which the crime was committed.); State v. Condrey, 349 S.C. 184, 194, 562 S.E.2d 320, 324 (Ct. App. 2002) (Under the hand of one is the hand of all theory, one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose.); State v. Langley, 334 S.C. 643, 648-649, 515 S.E.2d 98, 101 (1999) (quoting State v. Austin, 299 S.C. 456, 459, 385 S.E.2d 830, 832 (1989)) (Under accomplice liability theory, a person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act. ); State v. Hill, 268 S.C. 390, 395-96, 234 S.E.2d 219, 221 (1977) ([P]resence at the scene of a crime by pre-arrangement to aid, encourage, or abet in the perpetration of the crime constitutes guilt as a principle.); 12A C.J.S. Burglary § 48, at 225 (2004) (stating that circumstances rendering it impossible for the defendant to commit the intended felony will not preclude a conviction of burglary if he entered the premises with intent to commit such a felony, further noting that it is not a defense if a defendant is prevented from consummating such intent).       
AFFIRMED.
GOOLSBY, BEATTY, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.