**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Rajerick Knight, Appellant.

Appellate Case No. 2012-213529

Appeal From Beaufort County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2015-UP-170
Heard January 5, 2015 – Filed April 1, 2015

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek and Appellate Defender Laura Ruth Baer, both of Columbia; and Kathleen Fowler Monoc, of Pratt-Thomas Walker, P.A., of Charleston, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Kaycie S. Timmons, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

**PER CURIAM:** Rajerick Knight was convicted of murder and possession of a weapon during the commission of a violent crime. On appeal, Knight contends the trial court erred in (1) failing to charge the jury on the lesser included offense of voluntary manslaughter and (2) excluding evidence of his state of mind, which supported a charge of voluntary manslaughter. We affirm.

1.     We find no error in the trial court's refusal to charge the jury on voluntary manslaughter. "For a defendant to be entitled to a voluntary manslaughter charge, there must be evidence of both sufficient legal provocation and heat of passion at the time of the killing." *State v. Smith*, 391 S.C. 408, 413, 706 S.E.2d 12, 15 (2011). Though one's fear immediately following an attack or threatening act may cause that individual to act in a sudden heat of passion, the mere fact that he is afraid "is not sufficient, by itself, to entitle a defendant to a voluntary manslaughter charge." *State v. Starnes*, 388 S.C. 590, 598, 698 S.E.2d 604, 609 (2010). "[I]n order to constitute 'sudden heat of passion upon sufficient legal provocation,' the fear must be the result of sufficient legal provocation **and** cause the defendant to lose control and create an uncontrollable impulse to do violence." *Id.* "Succinctly stated, to warrant a voluntary manslaughter charge, the defendant's fear must manifest itself in an uncontrollable impulse to do violence." *Id.* at 598-99, 698 S.E.2d at 609.

> A person may act in a deliberate, controlled manner, notwithstanding the fact that he is afraid or in fear. Conversely, a person can be acting under an uncontrollable impulse to do violence and be incapable of cool reflection as a result of fear. The latter situation constitutes sudden heat of passion, but the former does not.

*Id.* at 599, 698 S.E.2d at 609.

> [E]ven when a person's passion is sufficiently aroused by a legally adequate provocation, if at the time of the killing those passions had cooled or a sufficiently reasonable time had elapsed so that the passions of the ordinary reasonable person would have cooled, the killing would be murder and not manslaughter. Whether an accused cooled off prior to a violent act must be

> determined by a review of all the circumstances
> surrounding the event and the people involved.

*State v. Hernandez*, 386 S.C. 655, 661, 690 S.E.2d 582, 585 (Ct. App. 2010) (citation and internal quotation marks omitted). Though, "[h]istorically, a question concerning the existence of a cooling-off period fell within the province of the jury," our courts have determined "more recent jurisprudence permits the trial court to make that determination." *Id.* at 662, 690 S.E.2d at 586; *see also State v. Pittman*, 373 S.C. 527, 575, 647 S.E.2d 144, 169 (2007) ("While the law has not defined a bright-line rule for what constitutes a sufficient time for cooling off, this Court has determined that whether the defendant's actions during the intervening time between the provocation and the killing indicates the absence of sudden heat of passion is an appropriate question for the court.").

Even assuming *arguendo*, as Knight contends, that the verbal threat at the restaurant, combined with his belief that Victim had shot at his trailer two months prior to the fatal encounter, satisfies the sufficient legal provocation prong required for a voluntary manslaughter charge, we nonetheless find there is no evidence to support such a charge. While there is evidence Knight was in fear, there is no evidence he "was out of control as a result of his fear or was acting under an uncontrollable impulse to do violence" at the time he shot Victim. *Starnes*, 388 S.C. at 599, 698 S.E.2d at 609. Under Knight's own testimony, after Victim allegedly stated he was going to kill him, Knight walked out of the restaurant and to his car, during which time he discussed with another individual what Victim allegedly said to him. According to Knight, he informed that person of his belief that Victim was going to try to kill him and told her about a previous shooting at his trailer that resulted in the loss of his unborn child. Knight testified that as they reached the car, he felt like he could not live like that anymore — hiding and running from Victim. Knight then turned around and went back into the restaurant, walked up to Victim, placed his gun against Victim and shot him. Accordingly, Knight's testimony reveals he had removed himself from the vicinity of Victim, ruminated on what Victim had said to him and his belief that Victim had shot at his trailer two months previously, made his way to his car, and then made a conscious decision to return to the restaurant and shoot Victim. Essentially, Knight's testimony shows he did not shoot Victim in a sudden heat of passion, but that he did so after reflecting on his situation with Victim, noting he was tired of avoiding Victim and wanted to end the matter between the two of them by killing Victim. Thus, Knight's own testimony in this regard establishes he did not shoot Victim in a sudden heat of passion. Additionally, we note Knight testified he carried the gun concealed under his shirt when he first walked into the restaurant. Thus, had

Knight been under a sudden heat of passion at the time Victim verbally threatened him, he could have shot Victim at that moment. Instead, Knight walked away from the situation. Though Knight may have very well been fearful and afraid when he initially encountered Victim in the restaurant, he did not act "under an uncontrollable impulse to do violence" at which time he was "incapable of cool reflection as a result of fear," but acted "in a deliberate, controlled manner" when he returned to the restaurant and shot Victim. *Starnes*, 388 S.C. at 599, 698 S.E.2d at 609. As previously noted, if a person "act[s] in a deliberate, controlled manner, notwithstanding the fact that he is afraid or in fear," such does not constitute sudden heat of passion. *Id.*

2.      Because Knight was not entitled to a voluntary manslaughter charge based upon the fact that there was no evidence he shot Victim in a sudden heat of passion, we need not reach the issues concerning whether the trial court erred in excluding evidence relevant to his state of mind. No matter what his state of mind at the time he encountered Victim in the restaurant, his actions thereafter show he did not shoot Victim in the sudden heat of passion. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**