**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Adrian Vashard Simmons, Appellant.

Appellate Case No. 2017-000821

Appeal From Charleston County
Brian M. Gibbons, Circuit Court Judge

Unpublished Opinion No. 2019-UP-109
Submitted February 1, 2019 – Filed March 20, 2019

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Adrian V. Simmons appeals his conviction for assault and battery of a high and aggravated nature. He argues the circuit court erred in refusing to charge the jury on assault and battery in the first degree as a lesser

included offense.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 16-3-600(C)(1)(b) (2015) ("A person commits the offense of assault and battery in the first degree if the person unlawfully . . . offers or attempts to injure another person with the present ability to do so . . . ."); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will.  Therefore, the courts are bound to give effect to the expressed intent of the legislature." (quoting Norman J. Singer, *Sutherland Statutory Construction* § 46.03 at 94 (5th ed. 1992))); *Shelley Constr. Co. v. Sea Garden Homes, Inc.*, 287 S.C. 24, 28, 336 S.E.2d 488, 491 (Ct. App. 1985) ("We are not at liberty, under the guise of construction, to alter the plain language of [a] statute by adding words . . . the [l]egislature saw fit not to include."); *First Citizens Bank & Tr. Co. v. Blue Ox, LLC*, 422 S.C. 461, 471, 812 S.E.2d 418, 423 (Ct. App. 2018), *cert. denied*, (S.C Sup. Ct. Order dated Aug. 3, 2018) (noting the legislature's specific inclusion of an exemption in a prior subsection of a statute supported a conclusion the legislature intended not to provide for such an exemption in a later subsection); *Consumer Advocate for State v. S.C. Dep't of Ins.*, 397 S.C. 599, 602, 725 S.E.2d 708, 710 (Ct. App. 2012) ("The court has no right to add the words [the legislature] omitted, nor to interpolate them on conceits of symmetry and policy." (quoting *Kinard v. Moore*, 220 S.C. 376, 388, 68 S.E.2d 321, 325 (1951))); *State v. Middleton*, 407 S.C. 312, 316, 755 S.E.2d 432, 435 (2014) (concluding the trial court erred in refusing to charge assault and battery first degree when defendant fired shots at victim because subsection (b) did not require an injury and noting "[t]he word 'or' used in a statute imports choice between two alternatives and as ordinarily used, means one or the other of two, but not both" (quoting *Brewer v. Brewer*, 242 S.C. 9, 14, 129 S.E.2d 736, 738 (1963))); *State v. Hernandez*, 386 S.C. 655, 660, 690 S.E.2d 582, 585 (Ct. App. 2010) ("A trial judge is required to charge a jury on a lesser included offense if there is evidence from which it could be inferred that a defendant committed the lesser offense rather than the greater." (quoting *State v. Drafts*, 288 S.C. 30, 32, 340 S.E.2d 784, 785 (1986))).

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.